UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THEODORE BEDROSIAN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV00942 AGF |
| | ) | |
| KANSAS COUNSELORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The matter is before the Court on the motion of Defendant Kansas Counselors, Inc., to dismiss Count I of Plaintiff Theodore Bedrosian's complaint, in which Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., by contacting Plaintiff by telephone after being told not to do so, and by attempting to collect a debt owed by Plaintiff "[u]sing unconscionable means." For the reasons set forth below, this motion shall be granted.

## BACKGROUND

Plaintiff alleges that Defendant placed calls to his cell phone using an automatic telephone dialing system to collect a debt. He alleges that, during such a call in July 2014, he asked that no further calls be made to him by Defendant, but that he nonetheless received at least three calls thereafter from Defendant. In

Count I of his complaint, Plaintiff claims that the above conduct violated § 1692c(c) and the preface to § 1692f of the FDCPA. In Count II, Plaintiff claims that this same conduct violated the Telephone Consumer Protection Act.

Defendant argues that Count I fails to state a claim because Plaintiff did not allege that he made a request *in writing* not to receive further calls from Defendant, an element of a claim under § 1692c(c). Defendant further argues that Plaintiff's claim under the § 1692f preface is too vague to state a claim, and that to the extent it is based on the same conduct as the claimed violation of § 1692c(c), this claim must also be dismissed. Plaintiff responds that he told Defendant that it could send him written communications, and "[n]owhere does [the FDCPA] state that requesting only phone calls cease must be in writing." (Doc. No. 14 at 2.)

## **DISCUSSION**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, when accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Id.* The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television*

*Network, Inc. v. Luken Comm'cns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Section 1692c(c) of the FDCPA states as follows: "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."[1]  15 U.S.C. § 1692c(c).  The preamble to § 1692f states, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  *Id.* § 1692f.

As Defendant argues, a pleading requirement of a § 1692c(c) violation is that the consumer sent the collector a written cease communication request.  *See, e.g., Erickson v. Messerli & Kramer P.A.*, Civ. No. 09-3044-DWF/JJG, 2011 WL 1869044, at *7 (D. Minn. May 16, 2011); *cf. Pace v. Portfolio Recovery Assocs., LLC*, 872 F. Supp. 2d 861, 865 (W.D. Mo. 2012) (granting a debt collector summary judgment on a § 1692c(c), where the plaintiff failed to show that he had sent a written cease request), *aff'd*, 512 F. App'x 643 (8th Cir. 2013).

The Court also agrees with Defendant that Plaintiff's FDCPA claim under the preamble to § 1692f fails because the claim is based on the same facts that did not give rise to a violation of the specific section of the FDCPA that deals directly with the conduct alleged.  Although courts have held that § 1692f's preamble – prohibiting "unfair or unconscionable conduct" – is a catchall provision that

---

[1] This prohibition on further communications is subject to certain exceptions not at issue in this case.  15 U.S.C. § 1692c(c).

provides a cause of action standing alone, *see, e.g., Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013), Plaintiff has not cited any cases, nor has the Court found any, so holding with respect to a claim that a failure to comply with an oral request to cease communication violates § 1692f. Indeed, such a holding would be contrary to the plain language of the statute. The Court thus concludes that Plaintiff's § 1692f claim must also be dismissed for failure to state a claim. *See Erickson*, 2011 WL 1869044, at *7 ("Plaintiffs have failed to put forth any basis for finding that Defendant's failure to heed [a] verbal demand to stop calling constitutes a violation of the FDCPA," including of the preamble to § 1692f).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count I of Plaintiff's complaint is **GRANTED**. (Doc. No. 8.)

Dated this 23rd day of October, 2015.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE